UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL CROFT AND
RENEE CROFT,                                    Case No. 2:17-cv-13421

      Plaintiffs,                         HONORABLE STEPHEN J. MURPHY, III

v.

L.C. MAXWELL AND
ASSOCIATES, INC., et al.,

      Defendants.
_____/

**OPINION AND ORDER AFFIRMING
MAGISTRATE JUDGE'S OPINION AND ORDER [23]
AND GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES [17]**

On October 20, 2017, Plaintiffs Russell and Renee Croft filed their complaint alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Occupational Code ("MOC"). ECF 1. Defendants did not respond. Plaintiffs sought and received a clerk's entry of default. ECF 7–10. On March 21, 2018, the Court granted Plaintiffs' motion for default judgment, but referred the calculation of damages to the magistrate judge. ECF 14, 15. On April 4, 2018, Plaintiffs filed a motion for attorney's fees. ECF 17. On January 5, 2019, the magistrate judge entered his opinion that Plaintiffs should receive $101,000.00 in damages. ECF 23. The Court finds that a hearing is unnecessary and will grant the motion.

1

**STANDARD OF REVIEW**

Civil Rule 72(b) governs the review of a magistrate judge's recommended disposition. The Court need not undertake any review of portions of a recommended disposition to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Civil Rule 54(d) governs the award of attorney's fees and costs. *See* Fed. R. Civ. P. 54(d). The FDCPA authorizes federal courts to award reasonable attorney's fees and costs to the prevailing party. 15 U.S.C. § 1692k(a)(3).

**DISCUSSION**

I. <u>Magistrate Judge's Recommended Disposition</u>

The Court granted default judgment as to Defendants' liability under both the FDCPA and the MOC and referred the calculation of damages to the magistrate judge. ECF 14, 15. The magistrate judge determined that Plaintiffs were entitled to $101,000.00 in damages–$1,000 in statutory damages under the FDCPA, $25,000 in actual damages under the FDCPA and MOC, and $75,000 in treble damages under the MOC. ECF 23, PgID 670.

First, the FDCPA allows for statutory damages of $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A).

Second, the FDCPA and the MOC allow a plaintiff to claim actual damages. *See id.* at § 1692k(a)(1); Mich. Comp. Laws § 339.916. The magistrate judge found that Plaintiffs "presented credible and compelling testimony regarding the emotional distress they suffered as the result of Defendants' violation of the FDCPA and the MOC." ECF 23, PgID 669. Moreover, the magistrate judge found that Plaintiffs' alleged actual damages of $25,000 were within the range of damages award in the District. *See id.* (collecting cases).

Third, "[i]f the court finds that the method, act, or practice was a wilful [sic] violation, it may award a civil penalty of not less than 3 times the actual damages . . . and shall award reasonable attorney's fees and court costs incurred in connection with the action." Mich. Comp. Laws § 339.916(2). The magistrate judge reasonably determined that Defendants' conduct constituted a willful violation of the MOC and awarded Plaintiffs treble damages. ECF 23, PgID 670.

No party objected to the magistrate judge's recommended disposition. Because the magistrate judge's recommended disposition is reasonable and supported by the evidence, the Court will affirm the recommended disposition.

II.   Plaintiffs' Motion for Attorney's Fees

Courts determine the amount of reasonable attorney's fees by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The determination of what constitutes reasonable attorney's fees "is a matter that is committed to the sound discretion of a trial judge." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010).

3

A. Reasonable Number of Hours

The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. To carry the burden, attorneys must maintain billing time records that are sufficiently detailed to enable the courts to review the reasonableness of the hours expended. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). Then, courts review the billings claims for and exclude "excessive, redundant, or otherwise unnecessary hours[.]" *Butcher v. Bryson*, No. 3:12–00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 434).

Here, Plaintiffs' counsel expended 21.60 hours working on the case. ECF 17, PgID 424; *see also* ECF 17-2, PgID 433. Plaintiffs' counsel's records detail the date of work, a description for the task completed, the individual who completed the task, that individual's hourly rate, and the individual's role. *See* ECF 17-2, PgID 433. Based on a review of the submitted information, the Court finds that Plaintiffs' counsel expended a reasonable number of hours pursuing the litigation.

B. Reasonable Hourly Rate

To determine a reasonable hourly rate "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The District

4

generally accepts the State Bar of Michigan's Economics of Law Practice Survey as its benchmark to determine reasonable hourly rates. *Hazzard v. Schlee & Stillman, LLC*, No. 13–10038, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014), *adopted*, 2014 WL 634205 (E.D. Mich. Feb. 18, 2014).

The State Bar of Michigan's 2017 Economics of Law Practice Survey demonstrated that the mean hourly rate for an attorney in consumer law is $322. *See* State Bar of Michigan, *2017 Economics of Law Practice: Attorney Income and Billing Rate Summary Report*, 6, https://www.michbar.org/file/pmrc/articles/0000153.pdf. The mean hourly rate for an attorney with three to five years of practice experience is $219. *See id.* p.4 Finally, the mean hourly rate for an associate was $236. *See id.* Plaintiffs' counsel attached the United States Consumer Law Attorney Fee Survey Report from 2015–16 to the motion and that survey reflects similar trends. *See* ECF 17-4.

Plaintiffs' counsel receives an hourly rate of $250. ECF 17-5, PgID 495. Plaintiffs' counsel's hourly rate is within the rage of hourly rates prevailing in Michigan for similar services by lawyers of reasonably comparable skill, experience, and reputation. The hourly rate is therefore reasonable.[1]

Because Plaintiffs' counsel's hourly rates and hours expended are reasonable, the Court will award Plaintiffs attorney's fees in the amount of $5,167.50. ECF 17-2, PgID 433.

---

[1] The $125.00 and $100.00 hourly rates for the two paralegals that assisted in the case are also reasonable. *See Hazzard*, 2014 WL 117411, at *4.

C. Costs

The FDCPA authorizes the court to award costs to Plaintiffs. 15 U.S.C. § 1692k(a)(3). Here, Plaintiffs' counsel seeks reimbursement for the cost of sending certified mail, hiring a process server, filing the case, and hiring an investigator to find Defendants. ECF 17-3, PgID 434. The total costs sought are $878.52. The Court finds that the costs are reasonable and will award them. The Court's award of Plaintiffs' attorney's fees and costs therefore totals $6,046.02.[2]

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's recommended disposition [23] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for attorney fees [17] is **GRANTED**.

The Court will enter judgment separately including the amounts for damages, attorney's fees, and costs.

This is a final order and closes the case.

**SO ORDERED.**

                                  s/ Stephen J. Murphy, III
                                  STEPHEN J. MURPHY, III
                                  United States District Judge

Dated: January 22, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2019, by electronic and/or ordinary mail.

                                  s/ David P. Parker
                                  Case Manager

---

[2] In addition to the $101,000.00 for damages, the judgment against Defendants will total $107,046.02.